UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YE ZHOU, individually and on behalf of all
others similarly situated,

No. 20 CV 7772-LTS

Plaintiff(s),

-against-

NEXTCURE, INC. et al,

Defendant(s).

LAURA TAYLOR SWAIN, CHIEF DISTRICT JUDGE:

ORDER

   The Court has received Plaintiff's motion to dismiss.  The papers do not include a certification pursuant to Paragraph A.2.b. of the Individual Practices Rules of the undersigned. That Rule provides:

**b.**   **Informal efforts to resolve issues required.**

  **(i)**   **Pre-motion communications.**

    **(A)** In civil cases, prior to making a motion of any type, and prior to requesting a conference on any discovery issues, the parties must use their best efforts to resolve informally the matters in controversy.  Such efforts must include, but need not be limited to, an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic or in-person discussion of the matters.

    **(B)** If a motion pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) is contemplated, the plaintiff or counterclaimant must indicate whether it wishes to amend the subject pleading prior to motion practice, and the parties must consider in good faith a stipulation permitting such amendment.

  **(ii)**   **Certification in notice of motion.** If a motion or a discovery conference request remains necessary, the notice of motion or written discovery conference request must include a separate paragraph certifying in clear terms that the movant or requesting party has used its best efforts to resolve informally the matters raised in its submission. If the motion is one pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c), the certification must also state whether the challenged pleading has been amended in response to the arguments raised in the motion.

The Court finds that such prior communication is often useful in facilitating settlement, consensual resolution of the subject matter of the motion or, at a minimum, narrowing of issues presented for decision by the Court.  It is hereby

ORDERED, that the above-referenced motion (docket entry no. 39) is hereby TERMINATED for purposes of the Court's docket, without prejudice to reinstatement upon application, upon notice to adverse parties and accompanied by the requisite certification; it is further

ORDERED, that no response to the motion is required unless a reinstatement application is granted, in which case the time to respond of any adverse party will be calculated from the date of service of the order of reinstatement and in accordance with Local Civil Rule 6.1 of the United States District Court for the Southern District of New York.

Furthermore, the Court directs Defendants' attention to S.D.N.Y. Local Civil Rules 6.1(b), 7.2, and 12.1.

SO ORDERED.

Dated: New York, New York
       April 29, 2021


 /s/ Laura Taylor Swain
 LAURA TAYLOR SWAIN
 Chief United States District Judge