**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YE ZHOU, Individually and On Behalf of All
Others Similarly Situated,

Plaintiff,

v.

NEXTCURE, INC., MICHAEL RICHMAN,
STEVEN P. COBOURN, KEVIN N.
HELLER, M.D., DAVID KABAKOFF,
PH.D., ELAINE V. JONES, PH.D., CHAU Q.
KHUONG, JUDITH J. LI, BRIGGS
MORRISON, M.D., TIM SHANNON, M.D.,
STEPHEN WEBSTER, STELLA XU,
MORGAN STANLEY & CO. LLC, BOFA
SECURITIES, INC., PIPER JAFFRAY &
CO., NEEDHAM & COMPANY, LLC, and
BTIG, LLC,

Defendants.

Case No. 20-cv-07772 (LTS) (RWL)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................ 2

I.      PLAINTIFF FAILS TO PLEAD AN ACTIONABLE MISSTATEMENT ...................... 2

      A.     Plaintiff Fails to State a Claim Based on the November 5, 2019 Abstract ............. 2

      B.     Plaintiff Fails to State a Claim Based on the Supplemental Results ...................... 3

            1.     Plaintiff Fails to Plead "the Heart" of its Case ........................................... 3

            2.     The Claims Are Puffery ............................................................................... 4

            3.     NextCure Disclosed the Alleged Flaws in the Trial Design ....................... 6

      C.     Plaintiff Fails to State a Claim Based on Defendants' FIND-IO Disclosures ........ 7

II.     PLAINTIFF FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER ................. 8

III.    PLAINTIFF'S SECTION 11 CLAIMS SHOULD BE DISMISSED................................ 9

IV.    The SECTION 20(a) AND SECTION 15 CLAIMS SHOULD BE DISMISSED ........... 10

CONCLUSION....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barilli v. Sky Solar Holdings, Ltd.*,
   389 F. Supp. 3d 232 (S.D.N.Y. 2019)...................................................................................5

*Billhofer v. Flamel Techs., SA*,
   663 F. Supp. 2d 288 (S.D.N.Y. 2009)..................................................................................2

*C.D.T.S. v. UBS AG*,
   No. 12-cv-4924, 2013 WL 6576031 (S.D.N.Y. Dec. 13, 2013), *aff'd*, 604 F.
   App'x 5 (2d Cir. 2015).........................................................................................................8

*Gamm v. Sanderson Farms, Inc.*,
   944 F.3d 455 (2d Cir. 2019).................................................................................................7

*Gregory v. ProNAi Therapeutics Inc.*,
   297 F. Supp. 3d 372 (S.D.N.Y. 2018), *aff'd*, 757 F. App'x 35 (2d Cir. 2018).........................2

*Gross v. GFI Grp., Inc.*,
   162 F. Supp. 3d 263 (S.D.N.Y. 2016)..................................................................................5

*Hawaii Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings, Inc.*,
   422 F. Supp. 3d 821 (S.D.N.Y. 2019)..................................................................................9

*In re Ariad Pharms., Inc. Sec. Litig.*,
   842 F.3d 744 (1st Cir. 2016).............................................................................................4, 6

*In re IAC/InterActiveCorp Sec. Litig.*,
   695 F. Supp. 2d 109 (S.D.N.Y. 2010)................................................................................10

*In re Mylan N.V. Sec. Litig.*,
   379 F. Supp. 3d 198 (S.D.N.Y. 2019)..................................................................................7

*In re Rockwell Med., Inc. Sec. Litig.*,
   No. 16-cv-1691, 2018 WL 1725553 (S.D.N.Y. Mar. 30, 2018)..........................................9

*In re Sanofi Sec. Litig.*,
   155 F. Supp. 3d 386 (S.D.N.Y. 2016)..................................................................................9

*In re Sanofi Sec. Litig.*,
   87 F. Supp. 3d 510 (S.D.N.Y. 2015), *aff'd sub nom. Tongue v. Sanofi*,
   816 F.3d 199 (2d Cir. 2016).............................................................................................5, 8

*In re UBS AG Sec. Litig.*,
    No. 07-cv-11225, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012), *aff'd*,
    752 F.3d 173 (2d Cir. 2014)..................................................................................................8

*Janus Capital Grp., Inc. v. First Derivative Traders*,
    564 U.S. 135 (2011)............................................................................................................2

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015)................................................................................................7

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*,
    No. 19-cv-7536, 2021 WL 1199035 (S.D.N.Y Mar. 30, 2021)..........................................7

*Ong v. Chipotle Mexican Grill, Inc.*,
    294 F. Supp. 3d 199 (S.D.N.Y. 2018)...............................................................................10

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
    153 F. Supp. 3d 628 (S.D.N.Y. 2015).................................................................................3

*Ramzan v. GDS Holdings Ltd.*,
    No. 19-cv-9154, 2020 WL 1689772 (S.D.N.Y. Apr. 7, 2020) ...........................................5

*Tabak v. Canadian Solar Inc.*,
    549 F. App'x 24 (2d Cir. 2013) ..........................................................................................9

**Statutes**

15 U.S.C. § 78u-4(b)(1) .............................................................................................................7

**Regulations**

17 C.F.R. § 229.303 .................................................................................................................10

Defendant NextCure, Inc., Officer Defendants Michael Richman, Steven P. Cobourn, and Kevin N. Heller, and Director Defendants David Kabakoff, Elaine V. Jones, Chau Q. Khuong, Judith J. Li, Briggs Morrison, Tim Shannon, Stephen Webster, and Stella Xu, respectfully submit this memorandum of law in further support of their motion to dismiss the Complaint.[1]

## PRELIMINARY STATEMENT

Plaintiff's Opposition abandons many of the allegations in the Complaint. In the Motion to Dismiss, Defendants established that the Complaint should be dismissed because:

1. The November 5, 2019 Abstract – which was published by an independent medical journal, *not* NextCure – expressly stated that it presented data "as of" August, 2019 (as required to comply with the journal's submission deadline), and NextCure undisputedly published any data purportedly "omitted" from the Abstract *four days later – in advance* of the SPO (and again in the SPO Prospectus itself);

2. The "FDA guidelines" that Plaintiff alleges NextCure's Phase I trial failed to meet are, by their plain terms, applicable only to Phase II and Phase III trials; and

3. Plaintiff either manufactured or misattributed to NextCure many of the remaining "misstatements," including a Frankenstein allegation created from three different paragraphs (one of them a risk disclosure), 40 pages apart, in NextCure's SEC filing.

The Opposition does not attempt to rehabilitate these allegations, instead asserting that they are "but one piece of Plaintiff's overall claim" and that the "heart" of Plaintiff's case is actually that "Defendants understood that there was no path forward to Phase II" (Opp. at 12) – an allegation that is not only absent from the Complaint but affirmatively refuted by the Complaint's repeated admission that the trial *did* progress to Phase II. (*See* ¶¶ 62, 72, 77.)

As Plaintiff's scattershot approach illustrates, this is a classic case of fraud by hindsight. The "misstatements" asserted by Plaintiff in the Opposition are merely: (1) NextCure's expressions of optimism about its undisputedly accurate interim Phase I results; and (2)

---

[1] Capitalized terms shall have the same meanings ascribed to them in the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint ("MtD") (Dkt. 40). All exhibit references are to the Artaki Declaration (Dkt. 41), all references to "(¶ __)" are citations to the Complaint (Dkt. 34), and all references to "Opp." are to Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint (Dkt. 47).

NextCure's characterization of its technology as "proprietary," a statement that Plaintiff alleges is false or misleading based entirely on allegations that Plaintiff concededly borrowed from a lawsuit filed *after* the statements at issue and voluntarily dismissed long before Plaintiff filed this Complaint. Alone, Plaintiff's failure to plead an actionable misstatement is a sufficient basis to dismiss both the Section 10(b) and Section 11 claims. In addition, the Section 10(b) claims should be dismissed for the additional reason that Plaintiff does not and cannot plead scienter.

## ARGUMENT

### I.    PLAINTIFF FAILS TO PLEAD AN ACTIONABLE MISSTATEMENT

#### A.    Plaintiff Fails to State a Claim Based on the November 5, 2019 Abstract

The Opposition relegates the November 5, 2019 Abstract to a footnote that disclaims its significance (Opp. at 12 n.4) and a short section at the end of the brief (*id.* at 14), both of which fail to address the threshold issue of Plaintiff's failure to plead, as required by the Supreme Court in *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011), that any Defendant "made" the statements in the Abstract (which was published by the independent Journal of Immunotherapy, **not** NextCure). (MtD at 13.)

Instead, Plaintiff argues that NextCure breached an "ongoing duty" to update the Abstract. (Opp. at 15.) NextCure, however, plainly had no duty to update an Abstract published by a third party – particularly where, as here, Plaintiff acknowledges that NextCure provided updated information just four days later, at the 2019 SITC Conference, exactly as promised in the Abstract. *See Gregory v. ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372, 401-02 (S.D.N.Y. 2018), *aff'd*, 757 F. App'x 35 (2d Cir. 2018) (no duty to update when a company has not yet "publicly commented on [its] results" or when the defendant states that it will "wait until [a particular date] to release" further information). The only case Plaintiff cites that even peripherally involved a duty to update is in accord. *See Billhofer v. Flamel Techs., SA*, 663 F. Supp. 2d 288, 298 (S.D.N.Y.

2009) (statements claiming that "interest" from potential partners had "never been higher," and describing clinical trial as a "success," were misleading because, together, they created the false impression that the trial had been successfully completed when, in fact, the company either already knew or learned within days thereafter that trial had failed). Here, by contrast, the Abstract expressly stated that it was reporting preliminary results and NextCure specifically warned that such results "may change," "may not be predictive of final results" and "may not be indicative of results obtained when these trials are completed or in later stage trials." (MtD at 4-5, 11-12.)[2]

### B.  Plaintiff Fails to State a Claim Based on the Supplemental Results

### 1.  Plaintiff Fails to Plead "the Heart" of its Case

Plaintiff asserts in the Opposition that "the heart of Plaintiff's case" is NextCure's purported failure to disclose that "Defendants understood that there was no path forward to Phase II." (Opp. at 12; *see id.* at 8 ("Defendants knew that there was no path forward to a Phase II trial"), 22 ("Defendants knew by November 2019 that NextCure was not proceeding with Phase II").) This allegation, however, is conspicuously absent from Plaintiff's 65 page Complaint, which actually notes that the trial entered Stage 1 of Phase II and advanced all but two cohorts through Stage 2 of Phase II. (*Compare* Opp. at 12 (failing to cite any support for assertion that trial did not advance to Phase II) *with* ¶ 62 (quoting January 2020 statement that NextCure had already "initiated the Phase 2 component"), ¶ 76 (July 13, 2020 analyst noting the decision to "stop enrolling" in two cohorts "was based on Simon's two-stage design of the trial" and the lack of objective response "at the end of stage one"); ¶ 79 (July 14, 2020 analyst noting the "head and neck and triple-negative breast cancer cohorts" would continue enrolling and that there had been

---

[2] Plaintiff does not argue that NextCure had a duty to update the statements made on or after November 9, 2019, which consist of: (1) concededly accurate "early-stage clinical results"; and (2) vague statements characterizing the results as "promising" or "encouraging" (Opp. at 8; *see id.* at 15.) *See also Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 649-50 (S.D.N.Y. 2015) ("There is no duty to update vague statements of optimism or expressions of opinion that lack the sort of definite positive projections that might require later correction").

3

"a new partial response").) *See also In re Ariad Pharms., Inc. Sec. Litig.*, 842 F.3d 744, 751 (1st Cir. 2016) (cited Opp. at 9-10) (rejecting allegation that "def[ies] logic").

Plaintiff also fails to establish that the "omission" is actionable, either because an affirmative duty required disclosure (which Plaintiff does not allege) or because it rendered an affirmative statement false. Plaintiff argues that NextCure "repeatedly professed confidence in the Phase I data and indicated the Company would be moving forward" (Opp. at 12), but the Complaint does not identify any instance in which NextCure discussed an expectation that it would "move forward" to the next phase or stage of the trial. (*See id.* at 12 (citing ¶¶ 48, 51, 62, 66, 61, 151).[3]) To the contrary, NextCure expressly warned that interim results "may change." (*E.g.*, ¶ 154.) *See Kleinman v. Elan Corp., plc*, 706 F.3d 145, 149-50, 154 (2d Cir. 2013) (disclosure of preliminary results not misleading in light of "note of caution" about those results). Moreover, while the Opposition asserts in conclusory form that the Individual Defendants knew there was "no path forward" as of November 9, 2019, Plaintiff fails to identify any paragraph of the Complaint supporting this assertion (*see* MtD at 11), and fails to explain how Defendants would have or could have known this in November 2019 when the Complaint alleges the decision was not made until the "end of stage one" of the second phase (¶ 76). Alone, this is a sufficient basis to dismiss.

### 2.    The Claims Are Puffery

The vast majority of the alleged misstatements in the Opposition are puffery – allegations that NextCure deceived investors by referring to its Phase I results at the November 9, 2019 SITC Conference, in a corresponding press release that same day, and in SEC filings and conferences through May 29, 2020 as "encouraging" or "promising." (*See* Opp. at 8; MtD at 13.) The Second Circuit has expressly reached this issue, holding in *Kleinman* that a press release referring to

---

[3] Paragraphs 51 and 62 do provide an update on the already "initiated [] Phase II component" (¶ 62), but do not profess confidence in or otherwise represent that all cohorts would advance to Stage 2.

preliminary clinical trial results as "encouraging" is the exact type of "expression[] of puffery and corporate optimism that [does] not generally give rise to securities violations." 706 F.3d at 153 (citation omitted); *see Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 250 (S.D.N.Y. 2019) (Swain, J.) (puffery statements are "immaterial as a matter of law" because "a reasonable investor would not rely on it"). (*See also* MtD at 8 (the word "promising" is also puffery).)

Plaintiff argues (or at least implies) that *Kleinman* is limited to cases in which a plaintiff fails to plead that the defendant lacked a "good faith belief" in the optimistic statements,[4] asserting that "[t]he statement was not actionable in *Kleinman* because, in contrast to the case here, the company in that case had moved on to Phase 3 of testing '[a]t the time of the statement was made,' 'a step that can only be taken after there have been positive Phase 2 results sufficient to satisfy both business and regulatory interests." (Opp. at 11 (quoting *Kleinman*, 706 F.3d at 153).) But the existence of a "good faith belief" (or lack thereof) has nothing to do with whether a statement is "puffery;" the former goes to scienter, the latter to falsity – "two distinct elements of a Section 10(b) claim." *See Ramzan v. GDS Holdings Ltd.*, No. 19-cv-9154 (LAK), 2020 WL 1689772, at *5 (S.D.N.Y. Apr. 7, 2020). The presence of one cannot make up for the lack of the other; rather, as the Second Circuit held in *Kleinman*, to survive dismissal plaintiff must plead that the statement is "**both** false and not honestly believed." 706 F.3d at 153 (citation omitted; emphasis added).

In any event, Plaintiff here cannot rely on NextCure's purported failure to advance the trial to the next phase (or even the next stage) as grounds to plead lack of good faith because Plaintiff admits in the Complaint that NextCure continued to invest in and advance its trial after it made the disputed statements. (*See* ¶ 79.) *See also In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 531-32

---

[4] Plaintiff's puffery argument relies entirely on *Gross v. GFI Grp., Inc.*, 162 F. Supp. 3d 263, 269 (S.D.N.Y. 2016) which – insofar as it is relevant at all – actually supports dismissal because it expressly lists the statement at issue in *Kleinman* (and here) as an example of the sort of "imprecise" statement about "future intentions" that constitutes puffery. *See id.* (characterization of an acquisition offer as a "singular and unique opportunity to optimize value" was not "puffery" when the defendant had secretly promised to reject all other offers).

5

(S.D.N.Y. 2015) (allegation that defendants "continued to fund the [] clinical trials" renders any inference that defendants did not believe in the results "implausible and conjectural"), *aff'd sub nom. Tongue v. Sanofi*, 816 F.3d 199 (2d Cir. 2016).

The First Circuit case on which Plaintiff relies, *In re Ariad Pharms.*, 842 F.3d 744, is in accord. Although the First Circuit did hold that statements expressing optimism about a "favorable label" were false when they were made weeks after the defendant had already learned "that the FDA had rejected [the] proposed label,"[5] it *affirmed* dismissal of statements, similar to those here at issue, made before the FDA's determination, calling Plaintiff's attempt to plead a claim on that basis an "impermissibl[e]" effort to "establish fraud by hindsight." *Id*. at 751.

### 3.    NextCure Disclosed the Alleged Flaws in the Trial Design

Plaintiff abandons the vast majority of the Complaint's allegations about the supposedly undisclosed "deficiencies" in NextCure's trial design, arguing only that NextCure purportedly failed to disclose that the patients enrolled in the study, including the two patients whose tumors responded to treatment, were not "biopsied" prior to treatment. (Opp. at 12-13 (citing ¶¶ 60, 62, 67).) In the Opposition, Plaintiff speculates that the lack of "biopsy" made it impossible to determine whether they got "better [] naturally," due to another treatment, or due to NextCure's immunotherapy. (*Id*. at 9.) This allegation is not pled in the Complaint and is expressly refuted by the 2019 SITC Conference Presentation (Ex. B, incorporated by reference ¶ 51), which notes that the patients *had* undergone tumor biopsies prior to treatment. While the Complaint does allege that the patients were not biopsied for Siglec 15 status (Siglec 15, or S15, is the protein that NC318 attempts to block), NextCure indisputably disclosed on November 9, 2019 (at the beginning of the putative class period and prior to the SPO) that it often did not get biopsies to test for Siglec 15 in

---

[5] It did *not* hold that these statements were not puffery. *See In re Ariad Pharms*., 842 F.3d at 753.

order to enroll the study quickly (¶ 51), and that the two patients who had had a treatment response had not been biopsied for Siglec 15. (Ex. B at 17-18.).

### C.   Plaintiff Fails to State a Claim Based on Defendants' FIND-IO Disclosures

Plaintiff's sole response to its impermissible reliance on the voluntarily dismissed Immunaccel complaint is that there is "no absolute rule" against relying on a complaint from another case. (Opp. at 17.) *But see Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*, No. 19-cv-7536 (NRB), 2021 WL 1199035, at *12 (S.D.N.Y Mar. 30, 2021) ("the prevailing view in this District is to disregard allegations that incorporate unproven allegations from complaints filed in other lawsuits"). The decisions Plaintiff cites, however, are inapposite; for example, in *In re Mylan N.V. Sec. Litig.*, 379 F. Supp. 3d 198 (S.D.N.Y. 2019), the plaintiffs were permitted to rely on allegations from a complaint filed by the New York Attorney General because they "were the result of a government investigation, and were verified by Plaintiffs' counsel." *Id*. at 215. Here, by contrast, Plaintiff cites an unsubstantiated complaint that the plaintiff voluntarily *withdrew* and that no one has verified; even under the authority Plaintiff cites, such allegations are not a permissible basis to plead a claim. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015) ("merely recit[ing] others' allegations" is insufficient to support a securities fraud claim in the absence of "additional" "non-conclusory facts").

Nor can Plaintiff avoid this pleading failure by citing to conclusory allegations in its own Complaint that Plaintiff copied, without attribution, from the Immunaccel complaint. *See Gamm v. Sanderson Farms, Inc*., 944 F.3d 455, 465 (2d Cir. 2019); *see also* 15 U.S.C. § 78u-4(b)(1) (complaint must specifically allege the basis for any allegation made on "information and belief").[6]

---

[6] Plaintiff also does not bother to refute – and thus tacitly concedes – that: (i) the Complaint pleads no basis to infer that Defendants were aware of the Immunaccel allegations at the time of *any* of the statements at issue here; and (ii) Second Circuit law precludes securities claims based on supposed failure to disclose uncharged, unadjudicated misconduct (especially where, as here, the plaintiff provides no facts tending to show that any such "misconduct" actually occurred). (*See* MTD at 19-20, n.12.)

Finally, the Section 10(b) claims in this regard fail for the independent reason that Plaintiff did not address the Complaint's failure to plead loss causation as to the Immunaccel allegations. (*See* MtD at 20.) Plaintiff has thus "conceded the point by silence," *see In re UBS AG Sec. Litig.*, No. 07-cv-11225 (RJS), 2012 WL 4471265, at *11, 18 n.8 (S.D.N.Y. Sept. 28, 2012), *aff'd*, 752 F.3d 173 (2d Cir. 2014), and his claim fails on this independent basis.

## II.    PLAINTIFF FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER

As set forth above and in the Motion, Plaintiff fails to plead scienter for several reasons.

**First,** Plaintiff now claims that the "heart" of its case is that NextCure "professed confidence in the Phase I data and indicated that the Company would be moving forward" even though the Individual Defendants "understood that there was no path forward to Phase II." (Opp. at 12; *see also id.* at 9.) If such statements existed, they would be forward-looking and subject to the Reform Act's safe harbor, which requires Plaintiff to plead **both** that the Individual Defendants knew the statement was actually false **and** that the statements were not accompanied by meaningful risk disclosures. *See In re Sanofi*, 87 F. Supp. 3d at 535 (noting that the standard is "disjunctive" and that immateriality, which as discussed above also exists here, is a third basis for dismissal). Instead of pleading actual knowledge (*see* MtD at 24-25), the Opposition resorts to inventing allegations that appear nowhere in the Complaint.  (*See* Opp. at 17 (arguing that Heller "designed the Phase I trial, and led the evaluation of the Phase I data"); *cf.* ¶ 27 (alleging "Heller oversaw the [trial]").)[7] Plaintiff also attempts to invoke the disfavored core operations doctrine and Heller's departure from NextCure, but neither is sufficient to plead actual knowledge.[8] The

---

[7] Plaintiff does not even mention the other Individual Defendants (*see* Opp. at 17-21), which is, alone, a sufficient reason to dismiss the claims against them. *See C.D.T.S. v. UBS AG*, No. 12-cv-4924 (KBF), 2013 WL 6576031, at *6 (S.D.N.Y. Dec. 13, 2013) ("Scienter must be separately pled and individually supportable as to each defendant."), *aff'd*, 604 F. App'x 5 (2d Cir. 2015).

[8] Plaintiff fails to cite any authority supporting his attempt to use circumstantial allegations to plead actual knowledge. Instead, he relies exclusively on inapposite out-of-circuit decisions (Opp. at 19-20) while ignoring that "[t]he Second Circuit has [] questioned whether the core operation doctrine has survived the enactment of the PSLRA" at all and has

statements are also inactionable because NextCure's risk disclosures expressly warned of the exact risk – that"[i]nitial success in [the] ongoing clinical trial may not be indicative of results obtained" (MtD at 4-5) – that Plaintiff argues ultimately came to pass.

**Second,** Plaintiff cannot plead motive in the absence of stock sales by the Individual Defendants. (*See* MtD at 21.) Plaintiff relies on out-of-circuit authority to argue that a "desire to raise capital" through the SPO is sufficient, but this is counter to express law in this Circuit that recognizes that the "desire to raise capital . . . is insufficient to establish motive because it is a goal possessed by virtually all corporate insiders." *Tabak v. Canadian Solar Inc.*, 549 F. App'x 24, 28 (2d Cir. 2013) (citation omitted); *see Hawaii Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings, Inc.*, 422 F. Supp. 3d 821, 848-49 (S.D.N.Y. 2019) ("desire to complete a successful public offering is not a concrete benefit[] sufficient to demonstrate motive" (citation omitted)).

**Third,** Plaintiff fails to plead scienter based on the FIND-IO statements, both because the allegations rely impermissibly on a dismissed complaint (*see supra* at § I(C)) and because they are too vague and conclusory to establish Richman's knowledge. *See In re Sanofi Sec. Litig.*, 155 F. Supp. 3d 386, 409 (S.D.N.Y. 2016) ("conclusory allegations" of improper practices insufficient).

## III.    PLAINTIFF'S SECTION 11 CLAIMS SHOULD BE DISMISSED

Plaintiff claims Defendants violated Section 11 because (1) the IPO and SPO prospectuses misstated that NextCure's FIND-IO platform was "proprietary" and "novel"; and (2) the SPO Prospectus misstated that NC318 had the "potential," and "may be well suited," to treat multiple cancer types contrary to "data Defendants [then] possessed." (Opp. at 22-24.)[9] But Plaintiff cannot

---

held that, even if it did, it is "far from sufficient, standing alone, to raise a strong inference of scienter." *In re Rockwell Med., Inc. Sec. Litig.*, No. 16-cv-1691 (RJS), 2018 WL 1725553, at *14-15 (S.D.N.Y. Mar. 30, 2018). Plaintiff similarly fails to cite any legal authority supporting its assertion that Heller's departure contributes to an inference of scienter at all (let alone, actual knowledge) absent allegations that the departure was unusual. (*See* MtD at 23 n.13.)

[9] In support of his Section 11 claims, Plaintiff primarily relies on a Massachusetts state court decision that contains almost no analysis of the case's facts, and did not apply the Reform Act's pleading standards. (Opp. at 23-24 (citing *In re Ovascience, Inc. S'holder Litig.*, No. CV201503087, 2016 WL 8200502, at *1 (Mass. Super. Dec. 22, 2016)).)

9

identify a single material fact – including any contemporaneously available trial data – that both (i) actually existed at the time of the IPO or SPO and (ii) was not disclosed in the relevant prospectus. And these claims fail for the same reasons discussed above and in Defendants' Motion. (*See supra* at § I; MtD at § II.)

Plaintiff also argues that he has stated a Section 11 claim based on violation of Items 303 and 503 of SEC Regulation S-K, but those arguments are again premised on the same baseless allegations. (*See* Opp. at 24-25.) In addition, Plaintiff's assertion that Defendants violated Item 303, for omitting Immunaccel's misappropriation claims from the IPO and SPO prospectuses, fails because Immunaccel's complaint was filed after the IPO and SPO, and thus could not have been a "known trend[] or uncertaint[y]." *See* 17 C.F.R. § 229.303; *In re IAC/InterActiveCorp Sec. Litig.*, 695 F. Supp. 2d 109, 118 (S.D.N.Y. 2010) ("actual knowledge of the trend is an essential allegation for . . . Item 303" (citation omitted)). Further, Plaintiff's assertion that Defendants violated Item 503 for omitting "concerning data" about NC318 from the SPO Prospectus is unsustainable in light of its extensive warnings about the NC318 trial (*see* Ex. G (SPO Prosp.) at 16-26) and its disclosure of complete Phase I results (*see id.* at 3-4). *See Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 235 (S.D.N.Y. 2018) (rejecting Item 503 claim due to "robust risk disclosures").

## IV.    THE SECTION 20(a) AND SECTION 15 CLAIMS SHOULD BE DISMISSED

Plaintiff's Section 20(a) and Section 15 claims should be also dismissed because he has still failed to establish primary violations of Section 10(b) and Section 11. (*See* MtD at 24.)

### CONCLUSION

For all of the foregoing reasons, and because Plaintiff cannot identify any facts that would make this a viable claim, the Complaint should be dismissed without leave to amend.

Dated: July 19, 2021

KATTEN MUCHIN ROSENMAN LLP


By:    /s/ Bruce G. Vanyo
        Bruce G. Vanyo
        Thomas M. Artaki
        575 Madison Avenue
        New York, New York 10022
        Telephone: (212) 940-8800

        Christina L. Costley
        2029 Century Park East, Suite 2600
        Los Angeles, California 90067
        Telephone: (310) 788-4400

        *Attorneys for Defendants NextCure, Inc.,*
        *Michael Richman, Steven. P. Cobourn,*
        *Kevin. N. Heller, David Kabakoff,*
        *Elaine V. Jones, Chau Q. Khuong,*
        *Judith J. Li, Briggs Morrison, Tim Shannon,*
        *Stephen Webster, and Stella Xu*

11